WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Bradley Darrin Pittam,

Plaintiff,

v.

Ohio Security Insurance Company,

Defendant.

No. CV-19-04898-PHX-DLR

**ORDER**

Before the Court are the parties' cross motions for summary judgment, which are fully briefed. (Docs. 51, 52, 57, 58, 61, 62.) Defendant's motion is denied and Plaintiff's motion is granted as described herein.

**I. Background**

On October 3, 2017, Plaintiff was in a car crash while driving westbound along Phoenix State Route 202 in a truck insured by Defendant under a business auto policy. (Doc. 51-1 at 1-171.) Plaintiff claims that the crash was caused by a phantom vehicle, which cut him off—forcing him to perform an evasive maneuver and rear-end a semi-trailer—and fled the scene. Plaintiff filed a claim for benefits under Defendant's uninsured motorist ("UM") policy. Defendant denied Plaintiff's claim on December 27, 2017. (Doc. 1-3 at 3.) On July 1, 2019, Plaintiff filed suit against Defendant in Maricopa County Superior Court. (Doc. 1-3.) Defendant removed the action to this Court on August 6, 2019. (Doc. 1.) Plaintiff's operative complaint seeks a declaration that he has sufficiently

corroborated "that the accident was caused by a phantom vehicle to be extended uninsured motorist's benefits under the policy" and an order that Plaintiff's entitlement to damages be arbitrated. (Doc. 18.) The parties have filed cross motions for summary judgment, which are now ripe.

**II. Legal Standard**

When parties submit cross-motions for summary judgment, the Court must consider each motion on its own merits. *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F. 3d 1132, 1136 (9th Cir. 2001). Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts[,]" and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted). Even where there are some factual issues raised, summary judgment is appropriate if the totality of the undisputed facts is such that reasonable minds could not differ on the resolution of the factual question. *Chesney v. United States*, 632 F. Supp. 867,

869 (D. Ariz. 1985).

**III. Discussion**

To qualify for UM coverage involving a phantom vehicle in Arizona, a plaintiff is required to provide certain corroboration. Particularly,

> If an insured makes a bodily injury . . . claim under uninsured . . . motorist coverage based on an accident that involved an unidentified motor vehicle and no physical contact with the motor vehicle occurred, the insured shall provide corroboration that the unidentified motor vehicle caused the accident. For the purposes of this subsection, **"corroboration" means any additional and confirming testimony, fact or evidence that strengthens and adds weight or credibility to the insured's representation of the accident.**

A.R.S. § 20-259.01(M) (emphasis added). In accordance with Arizona law,[1] Defendant's relevant UM policy covers incidents in which an uninsured vehicle "[c]ause[s] bodily injury to an insured without hitting an insured, a covered auto or a vehicle an insured is "occupying, provided the facts of the accident can be corroborated by any additional and confirming testimony, fact, or evidence that strengthens and adds weight or credibility to the insured's representation of the accident." (Doc. 51-1 at 47 (internal quotations omitted).) Notably, to meet this corroboration burden, a claimant is not required to "provide independent corroboration of the actual existence of a 'miss and run' vehicle. The statute only requires corroboration of the claimant's depiction of an accident that was caused by such a vehicle." *Scruggs v. State Farm Mut. Auto. Ins. Co.*, 62 P.3d 989, 994 (Ariz. Ct. App. 2003)

Plaintiff argues that the opinion of his accident-reconstruction expert, Joseph Catone, meets the corroboration requirement by supporting his account that a phantom vehicle cut him off, causing him to take an abrupt evasive maneuver and to crash into the

---

[1] Plaintiff confusingly argues that Defendant's policy, requiring corroboration of the "facts of the accident . . . by any additional and confirming testimony, fact or evidence that strengthens and adds weight or credibility to the insured's representation of the accident" is unenforceable because it is inconsistent with Arizona law's definition of corroboration as "any additional and confirming testimony, fact or evidence that strengthens and adds weight or credibility to the insured's representation of the accident." The Court is unable to understand—and Plaintiff does not explain—how, practically, Plaintiff could corroborate his representation of the accident without corroborating the facts of the accident. The distinction that Plaintiff attempts to draw is therefore rejected.

semi-trailer. The Court agrees. Here, Mr. Catone opined,

> Mr. Pittam had been driving in the No.1 lane of traffic on the westbound 202. An unknown vehicle . . . merged into his lane. [Plaintiff] took an evasive lane change maneuver to avoid that collision and ultimately collided with the rear of the commercial truck.

(Doc. 51-1 at 362.) Mr. Catone explained that his conclusion that the phantom vehicle cut Plaintiff off and caused Plaintiff to take abrupt evasive action, leading to the collision with the semi-trailer, was based not only on Pittam's recollection, but also on "what we see [from the investigation.]" (*Id.* at 407.) Mr. Catone confirmed that the roadway evidence, particularly tire marks, make "[Plaintiff's] version of events more likely than any of the other possible scenarios." (*Id.* at 410-11.) Particularly, when asked whether multiple other scenarios—other than being cut off by a phantom vehicle—could have caused Plaintiff to take an abrupt evasive turn to the right, an action supported by the evidence, Mr. Catone responded, "I cannot fathom at this point another scenario that would cause this to happen." (*Id.* at 408.)

Contrary to Defendant's contentions, Mr. Cantone's opinion did not "merely repeat [Plaintiff's] version of events," but rather confirmed Plaintiff's "representation of the accident" following expert review of the vehicular and roadway damage. Mr. Catone's report therefore adds weight or credibility to Plaintiff's description of the accident and, "to some degree, strengthen[s] [his] version of the accident." *Scruggs*, 62 P.3d at 994 (finding a report's confirmation of the plaintiff's "allegation that he veered into the back of the tanker truck at an angle coming from the left" sufficient to meet the corroboration requirement). Therefore, Plaintiff has sufficiently corroborated his claim such and the Court will order arbitration of his entitlement to damages under Defendant's UM policy.

**IT IS ORDERED** that Defendant's motion (Doc. 51) is **DENIED** and Plaintiff's motion (Doc. 52) is **GRANTED.** The Clerk of Court shall enter judgment in favor of Plaintiff and terminate this action.

…

**IT IS FURTHER ORDERED** that Plaintiff's entitlement to damages shall be arbitrated under the terms of Defendant's UM policy.

Dated this 15th day of July, 2021.

Douglas L. Rayes
United States District Judge